UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 19-10044-RWZ

UNITED STATES OF AMERICA

v.

VASILY HARDY

ORDER

March 29, 2019

ZOBEL, S.D.J.

Defendant Vasily Hardy is charged in one count with being a felon in possession of a firearm and ammunition. 18 U.S.C. § 922(g)(1). Because defendant's arrest for the instant offense occurred while he was released on a pending felony assault charge, defendant was detained for 10 days pursuant to 18 U.S.C. § 3142(d)(1)(A). Thereafter, the government moved for pretrial detention under 18 U.S.C. § 3142(f). Magistrate Judge Bowler conducted a detention hearing and, on February 13, 2019, ordered defendant detained. Defendant has moved for review of that order, which this court considers de novo. United States v. Tortora, 922 F.2d 880, 883 n.4 (1st Cir.1990).

After hearing argument on March 21, 2019, and reviewing the record, I find that the government has met its burden of showing that no condition or combination of

conditions of defendant's release will reasonably assure the safety of any person and the community.[1]  18 U.S.C. § 3142(e).

The court has considered the statutory factors under the Bail Reform Act, including (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the danger that would be posed to the community by the defendant's release.  18 U.S.C. § 3142(g).  This prosecution involves a loaded and unlawfully possessed firearm.  At this preliminary stage, the evidence – including defendant's admission that the gun was his – appears strong.  Moreover, defendant's criminal record includes, <u>inter alia</u>, charges of larceny, assault and battery, and assault and battery with a dangerous weapon, although most, but not all, of those charges were ultimately dismissed, nolle prossed, or continued without a finding.

However, what ultimately drives this court's detention decision is the fact that, at the time of the alleged offense, defendant was on pretrial release from the New Hampshire Superior Court on assault charges stemming from a September 18, 2018, incident involving the alleged strangulation of his girlfriend.  <u>See</u> 18 U.S.C. § 3142(g)(3)(B) (court shall consider whether defendant was on "other release … for an offense under Federal, State, or local law").  Defendant was released in that case after falsely indicating to the bail commissioner that he did not have a criminal record.  And,

---

[1]  Because I find that safety concerns warrant defendant's pretrial detention, I do not consider whether defendant should be detained to assure his future appearance.  However, I note that the Magistrate Judge incorrectly stated that defendant had an "outstanding warrant in New Hampshire" at the time of his instant arrest.  Docket # 16.  Moreover, this case does not, in fact, involve a rebuttable presumption under 18 U.S.C. § 3142 (e)(3)(B).

most importantly, his release was subject to the explicit condition that he not possess a firearm. Defendant's blatant disregard of that condition inspires little confidence that he would abide by conditions of release imposed by this court. Rather, the circumstances indicate that releasing defendant – under any set of conditions – poses a danger.

Defendant's motion to revoke the detention order (Docket # 22) is denied.


_____March 29, 2019_____ _____/s/Rya W. Zobel_____
              DATE                                         RYA W. ZOBEL
                                        SENIOR UNITED STATES DISTRICT JUDGE